# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 3, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __2/6/23__

*By ECF and by e-mail*

Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re:    *United States v. Sebastian Sepulveda*, 22 Cr. 164 (ALC)

Dear Judge Carter:

I write on consent (Assistant U.S. Attorney Andrew Jones) to respectfully request that the Court permit Mr. Sepulveda to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B).

On March 15, 2022, an indictment was filed charging Mr. Sepulveda with one count of narcotics trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

On November 16, 2022, pursuant to a plea agreement, Mr. Sepulveda pleaded guilty to the lesser-included offense of narcotics trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), which carries with it a mandatory-minimum sentence of 60 months. The Court accepted Mr. Sepulveda's plea on that date.

On December 16, 2022, the Attorney General provided new charging guidance for federal prosecutors, including guidance concerning the charging of narcotics trafficking offenses which subjected a defendant to a mandatory minimum sentence. The Attorney General indicated that the new policies should inform charging decisions even in pending cases where sentence has yet to be imposed.

In light of the changed policy, I requested that the Government reconsider whether Mr. Sepulveda could resolve his case with a plea to violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), which carries no mandatory minimum sentence. The Government has concluded that such a plea would be available in Mr. Sepulveda's case, and if Mr. Sepulveda is permitted to withdraw his plea, will provide Mr. Sepulveda with a new agreement setting forth the reduced charge.

Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw a plea of guilty after it is accepted by a court where the defendant can show "a fair and just reason for

Honorable Andrew L. Carter                                                                          Page 2
February 3, 2023

Re:     *United States v. Sebastian Sepulveda*, 22 Cr. 164 (ALC)

requesting the withdrawal."

      Here, the Department of Justice has changed its criteria for charging narcotics offenses, and the government has determined that Mr. Sepulveda can now resolve his case with a plea to an offense that does not carry a mandatory-minimum term. Under these circumstances, it is "fair and just" to allow Mr. Sepulveda to withdraw his plea, and I respectfully request that the Court permit Mr. Sepulveda to do so.

      The Court has scheduled sentencing in this matter for February 16, 2022, at 2:00 p.m. If the Court grants Mr. Sepulveda's request to withdraw the plea, the parties propose that Mr. Sepulveda plead to the new agreement with the reduced charge prior to sentencing. If the Court is amenable, this could be accomplished directly before the sentencing proceeding itself. Otherwise, the parties are available for a separate plea proceeding at the Court's convenience.

                Respectfully submitted,


                /s/_____
                Martin Cohen
                Ass't Federal Defender
                (212) 417-8737

cc:     Andrew Jones, Esq., by e-mail and ECF

The entire application is **GRANTED**.
So Ordered.

2/6/23